IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE CORNELIUS | § | |
| VS. | § | CIVIL ACTION NO. 9:14-CV-172 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Anthony Dewayne Cornelius, a prisoner confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the habeas petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).[1]

### Factual & Procedural Background

Petitioner was charged by indictment with two counts of aggravated sexual assault, by way of causing sexual contact/activity between his wife and J.W., a child younger than 14 years of age; two counts of sexual assault, by way of causing sexual contact/activity between his wife and C.W., a child younger than 17 years of age; and two counts of sexual assault, by way of causing sexual

---

[1] The Magistrate Judge ordered the Respondent to file a supplemental response in light of petitioner's objections (docket entry no. 48). The response was filed on March 6, 2018 (docket entry no. 54). Both are considered in this Memorandum Opinion and Order.

contact/activity between his wife and R.W., a child younger than 17 years of age. Indictment, *State of Texas v. Anthony Dewayne Cornelius*, in the 411th Judicial District Court of Polk County, Texas, in Cause No. 22027 (docket entry no. 15-10).

Petitioner entered in to a plea of guilty to all six counts pursuant to a plea agreement with the State wherein the State agreed to recommend the following: (A) for Counts 1 and 2, punishment of 25 years' imprisonment for each count; (B) for Counts 3, 4, 5, and 6, punishment of 20 years' imprisonment for each count; (c) the dismissal of the three outstanding cases against petitioner in Cause Nos. 22028, 22029 and 22030;[2] and (3) the State would not charge petitioner with attempted indecency with a child or indecency with a child, based upon the allegations of two other minors, not named in either the instant cause or the dismissed causes. Plea Transcript (docket entry no. 15-14).

After the trial court admonished petitioner and received his written and oral judicial confessions and stipulations of evidence, the trial court found petitioner guilty of all six counts and, on March 28, 2012, sentenced him to 25 years' imprisonment for Counts 1 and 2, and 20 years' imprisonment for Counts 3, 4, 5, and 6, all to run concurrently. *Id*.

Petitioner did not directly appeal his conviction and sentence but did file a state writ of habeas corpus in March of 2013. (docket entry no. 15-10).[3] On November 19, 2014, the Texas Court of Criminal Appeals denied petitioner's application without written order based upon the findings of the trial court after an evidentiary hearing. *Id*. Petitioner filed the instant federal habeas petition on November 25, 2014 (docket entry no. 1).[4]

---

[2]The allegation of No. 22028 was of second degree felony sexual assault of a child; the allegations of No. 22029 were of first degree felony aggravated sexual assault of a child who was possibly below the age of 6 at the time; and the allegation of No. 22030 was of a state jail felony possession of methamphetamine.

[3]Petitioner's "avertment of the truth of the facts" asserted in his application is dated March 12, 2013. The petition was file-stamped by the Polk County District Clerk on March 18, 2013.

[4]*See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (generally, for purposes of determining the applicability of AEDPA, a federal petition is filed on the date it is placed in the prison mail system).

Objections

*Cause No. 22029*

Four of petitioner's objections relate to Cause No. 22029. *See* Objection 1, 2b, 3 and 4 (docket entry no. 47). Specifically, petitioner argues the following:

1. The Magistrate Judge failed to address the trial court's lack of jurisdiction causing the plea proceedings to be fundamentally unfair from the beginning resulting in a void judgment. Cause No. 22029 alleged "two counts with a possible 5-99 year sentence for each Count, possibly stacked." The trial court lacked subject matter jurisdiction to negotiate a plea bargain due to count two not being "an offense by statute." Objections, pgs. 1-2 (docket entry no. 47).

2b. The Magistrate Judge erred in not expanding his focus beyond the plea hearing to the arraignment in Cause No. 22029. Petitioner was misled about the punishment he faced if he went to trial. The record clearly shows that the maximum term of imprisonment allowed was overstated by 99 years. *Id.*, pg. 3.

3. The Magistrate Judge incorrectly concluded that petitioner makes no claim that he was not admonished of the maximum term of imprisonment. The Magistrate Judge erroneously focuses on the plea hearing instead of the record as a whole. The plea hearing only records the admonishment of Cause No. 22027, the current convictions. However, prior to the plea hearing, petitioner was incorrectly admonished on Cause No. 22029 which overstated the maximum term of imprisonment if he chose not to plea to Cause No. 22027 and proceed to trial. *Id.*, pg. 4.

4. The Magistrate Judge incorrectly concludes that the record confirms petitioner was entering a plea of guilty on his own volition, without outside pressure. The Magistrate relies only on a small portion of the record, focusing on the plea hearing. There was pressure outside of the plea hearing when Cause No. 22029 threatened the possibility of two life sentences when the law could only allow once sentence. The record as a whole shows enducement [sic]. *Id.*, p. 4.

At the outset, it is important to note that petitioner did not argue any points of error as they relate to Cause No. 22029 in his original petition nor in his memorandum in support. *See* Original Complaint (docket entry no. 1); *see also* Memorandum in Support (docket entry no. 5). The first mention of this alleged error was in Petitioner's Reply to the Government's Response on August 7, 2015 (docket entry no. 28). The record does not reflect that the Magistrate Judge granted petitioner leave to amend and/or supplement his claims; the record also does not reflect that Respondent

3

consented to any amendment. *See* FED. R. CIV. P. 15 (amendment can be made after responsive pleadings have been filed "only by leave of court or by written consent of the adverse party." Regardless, petitioner has not exhausted any of these claims relating to Cause No. 22029 in the state courts. *See* State Writ, pgs. 26-53 (docket entry no. 15-10); Supplemental Writ (docket entry no. 15-16); Motion for Leave to Supplement Habeas Corpus, pgs. 4-21 (docket entry no. 15-20).

A petitioner may not obtain relief unless it appears that he has exhausted the remedies available in state court or there is an absence of available state court remedies or circumstances exist rendering such process ineffective to protect the rights of the prisoner. *See* § 2254(b). The exhaustion doctrine requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). For a claim to be exhausted, the state court system must have been apprised of the same facts and legal theory upon which the petitioner bases his assertions. *Picard v. Connor*, 404 U.S. 270, 276 (1971).

A federal petitioner must give the state courts a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. 270)). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. *Picard*, 404 U.S. at 277; *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To satisfy the exhaustion requirement, a claim must be presented for review to the state's highest court -- here, the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Where a state prisoner seeks federal relief on a claim that has not yet been presented to the state courts, the federal habeas court may nevertheless find the claim procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735, n. 1 (1991). Where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would find those claims procedurally barred, federal habeas corpus review is precluded by the federal procedural default doctrine. *See id*; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Under

4

the Texas rules, a state court may not consider the merits of, or grant relief based on, a subsequent writ application filed after the final disposition of an inmate's first application unless the inmate demonstrates the statutory equivalent of cause and prejudice or actual innocence. *See* Art. 11.07, § 4.

If petitioner were to present these claims to the state court system now, the Texas Court of Criminal Appeals would find the claim defaulted. *See* Article 11.07 § 4. Because petitioner never presented these claims to the state court system for review and cannot do so now, a federal merits review of the claim is barred. *Coleman,* 501 U.S. at 735, n. 1. Petitioner has also failed to show cause for the default and actual prejudice or a miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Coleman*, 501 U.S. at 750.

Finally, petitioner's claims as they relate to Cause No. 22029 are conclusory and otherwise lack merit. Petitioner has failed to support these contentions with any support in the record. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103 (5th Cir. 1971) (footnote omitted)); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("[m]ere conclusory statements do not raise a constitutional issue in a habeas case"). Petitioner has simply provided no evidentiary support for his claims concerning Cause No. 22029. Moreover, in Cause No. 22029, petitioner was charged with two counts of aggravated sexual assault. *See* Respondent's Exhibit A. The offense of aggravated sexual assault is a first-degree felony which has a punishment range with a minimum of five years to a maximum of 99 years or life and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 22.021(e) & 12.32 (Vern. Supp. 1991). Assuming, without finding, petitioner was advised that he could face life imprisonment for Cause No. 22029, such advice would have been correct. *See Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981) ("As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences") (quoting *Barbee v. Ruth*, 678 F.2d

5

634, 635 (5th Cir. 1982) (quoting *Spinelli v. Collins*, 992 F.2d 559, 562 (5th Cir. 1993)). Furthermore, petitioner provides no support that Count 2 was somehow not a proper charge. Record evidence in the form of the indictment and petitioner's trial counsel's notes indicate otherwise. *See* Respondent's Exhibit A & B.

*Plea Offer*

In Objections 2a, 5 and 6, petitioner objects to the recommendations of the Magistrate Judge concerning the plea offer made by the State. In Objection 5, petitioner states he "never alleged State [sic] recommended to dismiss" Counts 3, 4, 5 and 6 in Cause No. 22027. The record rebuts this assertion. *See* Original Petition, pg. 7 (docket entry no. 1); Memorandum in Support, pg. 11 (docket entry no. 5).

Petitioner's remaining objections in 2a and 6 argue that the Magistrate Judge erred in finding the guilty plea was voluntary. As outlined by the Magistrate Judge, the state habeas court entered detailed findings of fact and conclusions of law after holding an evidentiary hearing wherein petitioner and his trial counsel both testified. Petitioner's challenge to the recommendation of the Magistrate Judge as to the guilty plea is, in essence, a challenge to the credibility findings of the state habeas court and the Texas Court of Criminal Appeals. Contrary to petitioner's belief, these findings of facts are entitled to a presumption of correctness on federal habeas corpus review. "§ 2254[d] gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court" and not by them. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "When. . . a trial court fails to render express findings on credibility but makes a ruling that depends upon an implicit determination that credits one witness' testimony as being truthful, or implicitly discredits another's, such determinations are entitled to the same presumption of correctness that they would have had been accorded had they been made explicitly." *Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (quoting *Lavernia v. Lynaugh*, 845 F.2d 493, 500 (5th Cir. 1988)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."

*Harrington v. Richter*, 562 U.S. 86 (2001) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Petitioner has failed to offer any evidence that would rebut these findings. *See* 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d at 696.

Petitioner's Objections 7, 8 and 9 are reassertions of petitioner's points of error that his trial counsel was ineffective in failing to investigate. Objections, pgs. 6-10 (docket entry no. 47). As outlined by the Magistrate Judge, a guilty plea generally waives constitutional deprivations occurring prior to the plea, except a habeas claim challenging the validity of the plea itself. *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983); *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000). This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the guilty plea. *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

Petitioner has not shown that his guilty plea was involuntary. As such, his ineffective assistance of counsel claims are waived. Furthermore, petitioner has failed to rebut the presumption of correctness afforded the Texas Court of Criminal Appeal's adopted findings of facts. *See* 28 U.S.C. § 2254(e)(1). These findings include specifically that petitioner admitted the truth of the allegations charged in Cause No. 22027, the case at issue in the present petition. As counsel testified, there was no need to independently verify the allegations against petitioner. Transcript Evidentiary Hearing, pgs. 26-27 (docket entry no. 15-13). Despite this confession, counsel still reviewed all of the discovery in the State's file. *Id*. Finally, petitioner consistently told counsel that he did not want to go to trial. *Id*. As outlined by the Magistrate Judge, petitioner has failed to show that a reasonable probability exists that, but for these alleged errors, he would have rejected the plea and, instead, chose to go to trial. Petitioner has failed to show that the state court's denial of his ineffective assistance of counsel claim was unreasonable. 28 U.S.C. § 2254(d).

*Evidentiary Hearing*

Petitioner argues the Magistrate Judge erred in concluding that petitioner has not identified any new legal theories supporting his claims for relief. Objections, pg. 10 (docket entry no. 47).

7

Petitioner specifically argues that he presented the Court with evidence of the trial court's lack of jurisdiction. 28 U.S.C. § 2254(e)(2) states the following, however:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>
>     (A)     the claim relies on --
>
>         (I)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>         (ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     (B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2). As outlined by the Magistrate Judge, petitioner has not met this burden and it is not entitled to a federal evidentiary hearing.

## ORDER

The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84.

Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So Ordered and Signed**
**Mar 9, 2018**

_____
Ron Clark, United States District Judge