IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE CORNELIUS | § | |
| VS. | § | CIVIL ACTION NO. 9:14-CV-172 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, Anthony Dewayne Cornelius, a prisoner confined at the Coffield Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Procedural History

By way of Report and Recommendation on November 16, 2017, the Magistrate Judge, to whom this case was referred, recommended this petition for writ of habeas corpus be denied(docket entry no. 43). Petitioner filed Objections to the Report and Recommendation on December 20, 2017 (docket entry no. 47). In light of the Objections, the Magistrate Judge entered a Supplemental Show Cause Order on December 26, 2017 (docket entry no. 48). The Supplemental Response was filed on March 5, 2018 (docket entry no. 54). A Memorandum Opinion and Order Overruling Petitioner's Objections and a Final Judgment were then entered on March 9, 2018 (docket entry nos. 56 & 57).

Petitioner filed a Motion to Vacate Judgment on March 14, 2018 (docket entry no. 58), a Notice of Appeal on March 29, 2018 (docket entry no. 60) and a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4) (docket entry no. 62). The Fifth Circuit Court of Appeals docketed the appeal on April 9, 2018.

On May 3, 2018, this Court denied petitioner's Motion to Vacate, liberally construed as a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). In that motion, petitioner challenged only this Court's determination that petitioner's claims relating to Cause No. 22029 were not exhausted and procedurally barred and, alternatively, lacked merit. In denying the

Rule 59(e) motion, this Court reiterated that petitioner had not exhausted these claims and that they were procedurally barred.

On December 6, 2018, the Fifth Circuit Court of Appeals denied petitioner a Certificate of Appealability as to his appeal of this Court's conclusion that his unexhausted § 2254 claims (related to Cause No. 22029) were procedurally barred and that petitioner's guilty plea was not rendered involuntary by ineffective assistance of counsel.

Petitioner's current Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) reiterates the same arguments relating to Cause No. 22029.

## Discussion

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. FED. R. CIV. P. 60(b)(1)-(5). In addition, Rule 60(b) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the given enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). To prevail on a motion to set aside judgment, a defendant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 19897) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. FED. R. CIV. P. 60(b).

The Supreme Court has cautioned that Rule 60(b)(6) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002) (citing *Liljeberg v.*

*Health Servs. Acquisition Corp.*, 486 U.S., 847, 863 (1988); *Ackermann v. United States*, 340 U.S. 193 (1950)). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b)(6) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Petitioner repeats the same arguments as presented in his Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 59(e) and Notice of Appeal which have both been denied. For the same reasons set forth in this Court's prior order denying Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 59(e), Petitioner's current 60(b) Motion. It is, therefore,

**ORDERED** that Petitioner's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (docket entry no. 62) is **DENIED**.

So **ORDERED** and **SIGNED January 31, 2019.**

_____
Ron Clark, Senior District Judge